## J. E. HAYNER & Co.

### v.

## JOHN M. SHERRER.

CONTRACT OF SALE—ACCEPTANCE.—Appellee purchased of appellants four grain drills to be shipped to him about August 1st. The goods were shipped August 17th, and thereupon appellee, as he says, wrote appellants that he would not receive them, and that they were held in his store subject to their order. This letter never reached appellants. August 30th appellee wrote appellants, complaining of the amount of freight charges on the drills, and saying "The drill trade will be light this season. I'll do the best I can, and in case I don't get them off, would like you to help me." *Held*, that even if appellee had written a letter refusing to receive the drills because they were not shipped in time, his subsequent letter, written while they were still in his possession, was of itself a sufficient acceptance and waiver of all former objections.

APPEAL from the Circuit Court of Montgomery county; the Hon. W. R. WELCH, Judge, presiding.

Mr. G. W. PAISLEY and Mr. A. N. KINGSBURY, for appellants; that the verdict was against the evidence and should have been set aside, cited Adams Ex. Co. v. Jones, 53 Ill. 463; Schwartz v. Lammers, 63 Ill. 500; McGregor v. McDivitt, 64 Ill. 261; C. C. & I. R. R. Co. v. Troesch, 57 Ill. 155; C. & A. R. R. Co. v. Purvines, 58 Ill. 38; Puterbaugh v. Devere et al. 55 Ill. 485; Goodwin v. Durham, 56 Ill. 239; Lake v. Newhoff, 56 Ill. 295; Topping Bros. & Co. v. Maxe, 39 Ill. 159; Keaggy v. Hite, 12 Ill. 99; Hopkins v. Chittenden, 36 Ill. 112; Wade v. Atkins, 58 Ill. 64; Janney v. Birch, 58 Ill. 87; Reynolds v. Lambert, 69 Ill. 495; McAllister v. Compton, 71 Ill. 170.

Mr. JAMES M. TRUITT, for appellee; that the bill of exceptions is not under seal and therefore not a part of the record, cited Miller v. Jenkins, 44 Ill. 443; Jones v. Sprague, 2 Scam. 55.

That the appellate court must presume that there was evidence to support the verdict, the bill of exceptions not purporting to contain all the evidence: Ballance v. Leonard, 37 Ill. 43;

P. P. & J. R. R. Co. v. McIntyre, 39 Ill. 298; Ill. Cent. R. R. Co. v. Garish, 39 Ill. 370; Miner v. Phillips, 42 Ill. 123; Gardner v. Haynie, 42 Ill. 291; McPherson v. Nelson, 44 Ill. 124; Gallagher v. Brandt, 52 Ill. 80; Esty v. Grant, 55 Ill. 341; Goodrich v. City of Minonk, 62 Ill. 121.

The evidence is so conflicting that the verdict will not be disturbed: Chittenden v. Evans, 48 Ill. 52; Wood v. Hildreth, 73 Ill. 525; Millikin v. Taylor, 53 Ill. 509; Chicago v. Garrison, 52 Ill. 516; Pullian v. Ogle, 27 Ill. 189; Martin v. Ehrenfels, 24 Ill. 187; Morgan v. Ryerson, 20 Ill. 343; C. & R. I. R. R. Co. v. Hutchins, 34 Ill. 108; C. & R. I. R. R. Co. v. Crandall, 41 Ill. 234; Town of Vinegar Hill v. Busson, 42 Ill. 45; Davis Hoeppner v. 44 Ill. 306; Hope Ins. Co. v. Lonergan, 48 Ill. 49; Young v. Schorling, 60 Ill. 148; Tolman v. Race, 36 Ill. 472.

HIGBEE, P. J.   A written contract was entered into by the parties to this suit, by which appellants sold to appellee four grain-drills, to be shipped by appellants from St. Louis on or about August 1st, 1875, to appellee at Hillsboro. Appellee was to pay for the drills $260—one-half October 1, 1875, and one-half January 1st, 1876, with ten per cent. interest after October 1, 1875.

The drills were shipped 17th day of August, 1875, and reached Hillsboro on the 19th. On their arrival they were hauled from the depot to appellee's place of business, he paying the freight charges, and subsequently placed in his shop or shed by his direction, where they still remained at the commencement of this suit.

Appellee testifies that two or three days after the drills arrived he wrote and mailed to appellants at St. Louis, their place of business, a letter informing them that the drills were there subject to their order, and that he would not receive them. This letter never reached appellants, as appears by the proof. But shortly after, they received from appellee the following letter:

"HILLSBORO, ILL., August 30th, 1875.
" To J. E. HAYNER & Co., St. Louis, Mo.
Send by express 16 mower sections ; tell me your best price

for 4 foot 6 inch iron mowers; state the very best for cash, and best on one year's time. The man wants wood mower if prices will suit. I'll send in all notes for machines I have sold by the 1st Sept.                    Yours truly,

                              J. M. SHERRER."

"Superior drills are in with 250 advance freight, 200 were the agreement. Drill trade will be very light here this season. I'll do the best I can, and in case I don't get them off would like you to help me."

Appellee testified that "I wrote the letter dated August 30th, 1875, because I thought may be they would let me sell them on commission."

It is claimed by appellee that he refused to receive the drills because they were not shipped at the time mentioned in the contract.

The verdict of the jury and judgment of the court were for appellee in the court below.

The statement of the appellee that he had mailed a letter to appellants on the 24th or 25th day of August, 1875, refusing to receive the drills, is wholly inconsistent with every admitted fact in the case—the receiving and storing away the drills in his shop, payment of the freight, the failure of appellants to receive the letter at St. Louis, and above all, the writing of the letter of the 30th of August. Why, if he had informed them on the 24th or 25th that the drills had arrived and that he would not accept them, should he write five days afterwards that the drills were in, that the freight was overcharged, and refer to the agreement as to what the freight should be? Why state that he would do the best he could, but if he did not get them off, ask appellants to help him?

Even if appellee had written a letter refusing to take the drills because they were not shipped in time, the letter of the 30th of August, written while the drills were still in his possession, is of itself a sufficient acceptance and waiver of all former objection. We think the verdict so manifestly against the evidence that it ought not to stand, and the judgment is therefore reversed and the cause remanded.

                         Reversed and remanded.